CARNES (HAMILTON v.).  See Case No. 5,977.

---

## Case No. 2,417.

### CARNES et al. v. MAXWELL.

[3 Blatchf. 420.] [1]

Circuit Court, S. D. New York.  Jan. 23, 1856.

CUSTOMS DUTIES—MISTAKE IN INVOICE—PENALTY.

1. Where the consignee of a quantity of corks, imported from France, presented, on their entry, an invoice and entry, both of which were erroneous through mistake, and not through fraud, and immediately discovered the error, and notified the collector of it, and sent to France for a correct invoice, and delivered it to the collector, and requested permission to correct the error, which was refused, and the collector imposed duties on the value as stated in the true invoice, and a penalty for undervaluation, without any appraisal of the goods: *Held*, that the penalty was illegally imposed, and could be recovered back.

2. The case of Howland v. Maxwell [Case No. 6,799] cited and approved.

[Distinguished in Harriman v. Maxwell, Case No. 6,105.]

At law.  This was an action against [Hugh Maxwell] the collector of the port of New York, originally brought in the supreme court of New York, and removed into this court by the defendant, to recover back a penalty for undervaluation, paid by the plaintiffs [Nathaniel Carnes and others] upon an importation of corks from Bordeaux, in November, 1850.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

INGERSOLL, District Judge.  An invoice of the corks, in this case, was sent to the plaintiffs, who were the consignees, and was by them presented at the custom house. That invoice was an erroneous one. But the error was occasioned by mistake, and not by fraud.  The entry was in conformity to the erroneous invoice, and was also erroneous. The plaintiffs immediately discovered the error, notified the officers of the customs of the same, and sent out to France for a correct invoice.  A correct invoice was received by them on the 6th of January, 1851.  They delivered it at the custom house, and requested permission to correct the error.  The duties were imposed and paid upon the value of the corks as stated in the true invoice, and the penalty for undervaluation was demanded and paid under protest.  The protest is regular.  There was no appraisal on the entry before the correct invoice was produced, and there was no fraudulent undervaluation.  The duties were paid, not upon the appraisal of appraisers,

but upon the value set down in the correct invoice.  The question is, as to the right of the collector, under the facts, to impose the penalty.  Upon a similar state of facts, or upon a state of facts in all essential particulars like the facts in this case, this court, in the case of Howland v. Maxwell [Case No. 6,799], decided that the collector had no such right.  That decision must govern this case; and it does not require the aid of that decision to determine that the collector had no such right.

There must be a judgment for the plaintiffs, for the amount of the penalty, with interest, to be adjusted at the custom house.