Mahaney, *et al.*, *vs.* Lazier, *et al.*,

(Decided June 1st, 1860.)

## HENRY MAHANEY, and others, *vs.* WILLIAM LAZIER, and others.

Under the provisions of the Code, an answer without oath, when the bill does not require an answer under oath, is sufficient to put the cause at issue, and upon final hearing, and to authorize an appeal from an order granting an injunction, but to sustain a motion to dissolve an injunction the answer must be sworn to, whether the oath be required by the bill or not.

In a bill by a creditor, the charge that the debtor *fraudulently* executed a bond, without consideration, upon which he was about to confess judgment, for the purpose of defeating his creditors, is sufficient to show jurisdiction in equity, to grant an injunction to restrain proceeding on such bond.

In such a bill the claim of the complainant must be distinctly stated, and exhibits showing the existence of the claim must accompany the bill, in order to satisfy the *conscience* of the court.

APPEAL from the Equity side of the Superior Court of Baltimore City.

Appeal from an order granting an injunction upon a bill

filed on the 13th of February 1860, by the appellees against the appellants.

The bill alleges that the complainants had caused two attachments on warrants to be issued, the one from the law side of the Superior court, and the other from the Court of Common Pleas, upon transcripts of judgments rendered in Taylor county, Virginia, in their favor against Mahaney, both of which writs of attachment were laid in the hands of the Fire Insurance Company, of Baltimore, and Mahaney appeared, by attorney, to the *capias*, in each case, and that Mahaney is justly and *bona fide* indebted to them in the amounts called for in said judgments; that on the 22nd of July 1858, Mahaney, conspiring with one James R. Smith to defraud complainants, and his other creditors, executed to Smith his bond, purporting to bear date the 1st of January 1858, for $2500, payable, one day after date, to the order of Smith, who thereupon passed the same to Howard & Co.; that Mahaney at that time held a policy of the Fire Insurance Company of Baltimore, upon which there had previously been a loss; that subsequently to this loss, but prior to the 22nd of July 1858, five attachment suits had been instituted against Mahaney in the Superior court and the Court of Common Pleas, all of which were laid in the hands of said insurance company, and that Mahaney and Smith, conspiring to defeat these and subsequent attaching creditors, made said bond on or about the day last mentioned, and ante-dated the same, for the purpose, the more effectually to cover the fraud; that upon this pretended bond the assignees, Howard & Co.; caused an attachment on warrant to be issued from the Superior court, and laid in the hands of the said insurance company, and Mahaney, by his attorney, appeared to the *capias* in this attachment, and, carrying out the fraud thus begun, instructed his attorney to defend all the other attachments, but to enter judgment in favor of Howard & Co.; that by *non pros.*, compromise and settlement, all the attachments earlier in date than that of Howard & Co. have been disposed of; that the insurance company have agreed to pay $1500, as loss upon said policy as soon as it is ascertained to whom it can be

legally paid, but as this sum is not sufficient to satisfy the pretended claim of Howard & Co., and the just demands of the complainants, they have, through their counsel, appealed to the attorney of Mahaney to allow them to plead to the suit of Howard & Co., and defend the same, but he, producing the instructions of his client, Mahaney, refuses this request, and is about to confess a judgment as against Mahaney in favor of Howard & Co. The bill then further charges that the complainants having no remedy at law against this fraud, are compelled to come into equity; that this pretended bond is a fraud; that no consideration ever passed from Smith to Mahaney, nor any from Howard & Co. to Mahaney or Smith, and that it was made for the sole purpose of defeating the honest claims of just creditors of Mahaney.

The bill then calls for answers, but not on oath, and prays for an injunction restraining the defendants from further proceedings upon this bond, and for general relief, and was sworn to by one of the complainants. The court (Martin, J.) granted the injunction as prayed, and the defendants having filed their answers, not under oath, in which they deny the fraud charged in the bill, and assert the *bona fides* of the bond in question, appealed from the order granting the injunction.

The cause was argued before Le Grand, C. J., Tuck and Bartol, J.

*Jos. T. Atkinson*, for the appellants, argued that the order should be reversed and the bill dismissed; for that—

1st. The charges are vague, loose and indefinite, and are made in reference to matters of which the individual who made the affidavit to the bill, obviously had no knowledge. 11 *Md. Rep.*, 365, *Blondheim vs. Moore.* 9 *G. & J.*, 468, *Amelung vs. Seekamp.*

2nd. There is no sufficient evidence of an indebtedness to the complainants by Mahaney. 12 *Md. Rep.*, 315, *Nusbaum & Bowes vs. Stein.*

3rd. No circumstances are charged in the bill which, if

true, would show fraud in the making of the bond. Fraud is merely charged vaguely and indefinitely.

4th. It is not charged that Howard & Co., had notice of the transactions in reference to the bond, alleged to have taken place between Mahaney and Smith.

5th. The matters charged do not show any probability of irreparable damage to the complainants. It does not appear that they could not obtain payment of their claims out of the property of Mahaney other than in the hands of the Insurance Company. 10 *Md. Rep.*, 500, *Uhl vs. Dillon.* 1 *Md. Rep.*, 536, *White vs. Flannaigain.* 4 *Md. Rep.*, 98, *Green vs. Keen.*

6th. The pretended fraud could not be carried on without the connivance and complicity of Howard & Co., and also of the Insurance Company, and this is not charged.

7th. The case does not come within the provisions of the Act of 1835, ch. 380, sec. 2.

*E. R. Sprague*, for the appellees.

The bill makes a good case for an injunction. The *bona fides* of the indebtedness of Mahaney to the appellees is distinctly and clearly set forth; the fraud and conspiracy on the part of the appellants to defeat the other honest creditors of Mahaney is charged; the utter absence of any remedy for the appellees in a court of law is fully set out, and this appeal must be decided upon the allegations of the bill itself, without any reference to the answers. 10 *Md. Rep.*, 418, *McCann vs. Taylor.* But the answers should be treated as a nullity, having been filed without oath, and the appeal dismissed, because an appeal from an order granting an injunction will only lie after answer filed.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from an order of the Superior court of Baltimore city, granting an injunction to restrain proceedings at law to recover the amount of a bond.

By the 21st section of the 5th Article of the Code an appeal is allowed, "the answer of the party appealing being

first filed in the cause." In this case the answers of the appellants are filed, and although they are not verified by affidavit, we think they are a sufficient compliance with the provisions of the Code to authorize an appeal. By the 103rd section of the 16th Article, it is provided, that "it shall not be necessary for any defendant to make oath to his answer, unless required by the complainant." The bill before us does not require the answers to be sworn to. For the purpose of putting the cause at issue, and upon final hearing they are sufficient without oath. But, to sustain a motion for a dissolution of the injunction, it is necessary, under the latter clause of the 103rd section, 16th Article, that the answer should be sworn to, whether the oath be required by the bill or not.

We consider the charge of fraud in the bill all sufficient to show jurisdiction in equity; this is not a case of irreparable damage, in which the facts showing the damage are to be set out; it is a case of alleged *fraud*.

We must, however, reverse the order because the claim of the complainants is not stated with sufficient distinctness, nor are there exhibits accompanying the bill to show that Lazier, or other complainants, are creditors of the defendant Mahaney. "Evidence of their alleged claims ought to have been produced to satisfy the conscience of chancery of their existence." *Union Bank of Maryland vs. Poultney & others*, 8 *Gill & Johns.*, 332, and *Nausbaum & Bowes vs. Stein & others*, 12 *Md. Rep.*, 318.

*Order reversed with costs, and cause remanded.*
(Decided June 7th, 1860.)