JOSEPH HANKEY *vs.* WILLIAM H. ABRAHAMS.

*Injunction — What to be considered on an Appeal from an Order granting an Injunction — Ferry rights in the City of Baltimore.*

Upon an appeal from an order granting an injunction, the correctness of the order depends entirely upon the sufficiency of the case made by the bill and accompanying exhibits.

Where a bill was filed alleging in substance, that the complainant was the owner a Ferry Boat, running between two points in the city of Baltimore, and of the piers erected at the *termini* of the wharves situated at those two points,—that by virtue of an Ordinance of the city authorities approved February 8th, 1862, and *of a contract made in pursuance thereof*, he was entitled to the exclusive use of the ends of those wharves for ferry purposes, and that the defendant, the owner of another Ferry Boat, was interfering with him in the use of those wharves and piers; and an injunction was prayed for and granted, restraining the defendant from running his boat into said piers, and from interfering in any way with the complainant in the prosecution of his ferry business. HELD:

1st. That assuming the validity of the Ordinance granting such exclusive use of the public streets, or of the wharves erected thereon, still the injunction was improperly granted, because no sufficient evidence of the title to this exclusive right was exhibited to satisfy the conscience of a Court of Chancery of its existence.

2d. That the *contract*, required by the Ordinance to be made in writing, constituted the complainant's *title* to the right, which he sought to have protected by an injunction.

3d. That he should have exhibited this contract, or a copy of it with his bill, or assigned some satisfactory reason for its non-production; and having failed to do so he was not entitled to the injunction.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken by the defendant from an order of the Circuit Court of Baltimore city, (PINKNEY, J.,) granting an injunction to restrain him from running a steam ferry boat between the foot of Broadway, on Fell's Point, and the foot of Haubert street, on Locust Point.

The nature of the case is fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*Levin Gale,* for the appellant, contended:

1st. That the allegations of the bill show no such compliance with the terms of the Ordinance of the 8th of February, 1862, as to entitle the appellee to the privilege therein claimed. *Nusbaum & Bowes vs. Stein, et al.,* 12 *Md. Rep.,* 318; *Mahaney, et al. vs. Lazier, et al.,* 16 *Md. Rep.* 73.

2d. Admitting the said terms to have been fully complied with, and further, that the Ordinance in question did operate to confer, exclusively, upon the appellee, the ferry rights claimed, yet the privilege thus given had expired before the filing of this bill, and it was not continued or extended by the supplementary Ordinance of the 1st of November, 1864.

3d. That the Mayor and City Council of Baltimore have no authority to grant any exclusive use of the foot of public streets, or the wharves thereon erected. *The Wharf Case,* 3 *Bland,* 382; *City of Cincinnati vs. Lessee of White,* 6 *Pet.,* 436; *Barclay, et al. vs. Howell's Lessee,* 6 *Peters,* 513; *Angell*

*on Highways*, sec. 302, *et seq.*; *Angell on Tide-Waters*, 46, 234; *Dugan, et al. vs. City of Baltimore*, 5 G. & J., 374.

No counsel appeared for the appellee.

MILLER, J., delivered the opinion of this Court.

Upon appeal from an order granting an injunction, the correctness of the order depends entirely upon the sufficiency of the case made by the bill and accompanying exhibits. The bill in the present case, alleges in substance that the appellee was the owner of a ferry boat running between the foot of Broadway and that of Haubert street, on Locust Point, in the city of Baltimore, and of the piers erected at the *termini* of the wharves situated at the respective ends of these two streets; that by virtue of an Ordinance of the city authorities, approved February 8th, 1862, and of a contract made in pursuance thereof, he was entitled to the exclusive use of the ends of these wharves for ferry purposes; that the appellant, the owner of another ferry boat, was interfering with him in the use of these wharves and piers by running his boat on the same route and thus interrupting and destroying the complainant's business. The injunction prayed for and granted, was to restrain the defendant from running his boat into these piers, and from in any way interfering with the complainant in the prosecution of his ferry business. It is not necessary, and we do not mean to decide upon the validity of the Ordinance granting such exclusive use of the public streets, or the wharves erected thereon, for assuming its validity still the injunction was improperly granted, because no sufficient evidence of the title to this exclusive right has been exhibited to satisfy the conscience of a Court of Chancery of its existence. The only allegation of the bill on this subject is that the complainant is entitled to this right by virtue of the Ordinance "and of a *contract* made in pursuance thereof." The Ordinance which is exhibited with the bill directs the Commissioners of Finance, as soon as they become satisfied that

some responsible party is able and willing to establish and keep up a daily steam ferry communication between the above points, in accordance with the conditions set forth in the Ordinance, and "upon receiving sufficient security" from such party "for the faithful performance of said conditions," to enter into "a *written* contract and covenant" with him, authorizing and empowering him "to occupy and use exclusively the ends of the wharves" at the *termini* of these streets, free of charge for wharfage or other rental, provided he shall put and keep in good repair, free of expense to the city, so much of these wharves as he shall be so entitled to use. The times of running the boats and the rate of ferriage are then prescribed, and for any violation of the Ordinance in not running the boats at the times and for the fares stated, a penalty is imposed for each offence, and the contracting party shall thereby "forfeit and make void" his said contract. The contract thus required to be made in writing, constitutes the complainant's *title* to the right which he seeks to have protected by an injunction, and though alleged to have been made, neither the original nor a copy of it is exhibited with his bill. Upon this vital point, the Court is left to the mere statement of the bill and the oath of the party. It has been settled by repeated decisions of this Court, that from the summary nature of the process of injunction and its liability to abuse, it ought to be applied only in very clear cases, and to warrant its issual strong *prima facie* evidence of the facts on which the complainant's equity rests, must be produced to the Court. Thus the mere oath of the party to the existence of a debt, of which he holds in his possession the written evidence, and makes no exhibition thereof and assigns no satisfactory reason for its non-production, will not be regarded, on an application for an injunction, as any proof of the debt. *Union Bank vs. Poultney & Ellicott*, 8 G. & J., 332; *Nusbaum vs. Stein*, 12 Md. Rep., 318; *Mahaney vs. Lazier*, 16 Md. Rep., 69. The same rule must apply to the present case where the existence of a right upon which alone

his equity rests, depends upon a written instrument which the complainant either has in his possession, or a copy of which he can obtain. He must exhibit the contract or a copy of it with his bill, or assign some satisfactory reason for its non-production, and having failed to do so, he is not entitled to an injunction. The order appealed from must, therefore, be reversed, the injunction dissolved and the cause remanded.

*Order reversed and cause remanded.*

(Decided 5th May, 1868.)