(Decided 13th June, 1871.)

---

DANIEL B. BANKS and GEORGE W. HAYNE *vs.* WILLIAM M. BUSEY.

### *When an Injunction should not issue.*

A bill by the assignee of the original lessee of certain premises, for an injunction to restrain the landlord from proceeding by distraint, to collect certain rent which he claimed to be due to him and in arrear, charged

Banks and Hayne *vs.* Busey.

that the rent had been paid to the landlord by his lessee, and that such payment was evidenced by an account furnished by the former to the latter. The account was not exhibited with the bill, and no reason assigned for its non-production; the injunction issued as prayed. On an appeal by the landlord, it was HELD:

1st. That to support the averment of payment, the account should have been exhibited, or some satisfactory reason assigned for its non-production, and in the absence of such *prima facie* proof, the injunction ought not to have been granted.

2d. That the injunction ought not to have been granted for the further reason that the complainant had a full, complete and adequate remedy at law, by an action of *replevin,* of trespass, or by a special action on the case, and by a suit against his assignor for a breach of his contract in failing to pay the rent as it accrued.

APPEAL from the Circuit Court of Baltimore City.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*Neilson Poe,* for the appellants.

*Wm. M. Busey* and *Samuel Snowden,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore city, granting an injunction to restrain the appellants from proceeding by distraint to collect certain ground rent, amounting to $450, alleged by the appellant, Banks, to be due to him and in arrear, on a lot of ground with improvements, situated in Baltimore city.

The bill and amended bill state substantially that "the appellee was the assignee of Walter Smith, the original lessee; that at the time of his purchase, Smith informed him all the rent then due was paid, and it was agreed between him and Smith that he (Smith) would continue to pay it as it accrued; that subsequently Banks had presented an account to Smith, in which the latter was charged with the rent and

other moneys, and credited with sundry payments, leaving a balance due upon general account of about $317. That subsequently Banks had sued out the distress in question; that all the rent charged in said account was settled and satisfied by the payments credited thereon; that it would be a fraud upon the appellee, and unjust and oppressive in the extreme, to permit Banks to collect the rent twice; that upon a proper accounting, Banks was largely indebted to Smith, and that the appellee was ready to pay all he properly owed."

In the argument of the case in this Court, two points have been made by the appellants, both of which, in our judgment, are well taken, and present objections fatal to the maintenance of the injunction.

1st. The whole equity of the bill rests upon the averment that the rent had been paid to Banks by Smith, the appellee's assignor, and it is alleged that such payment is evidence by a certain account furnished by Banks to Smith. To support the averment, the account ought to have been exhibited with the bill, or some satisfactory reason assigned for its non-production. Without such *prima facie* proof, the injunction ought not to have been granted. The case falls within the principle decided in *Hankey vs. Abrahams*, 28 *Md.*, 588, and the cases cited in the Court's opinion.

2d. Even if the objection above stated did not exist, we are of opinion that the injunction ought not to have been granted, for the reason that the appellee had full, complete and adequate remedy at law.

As well stated in the appellant's brief, by resorting to his action of *replevin*, the remedy especially adapted to such case, he might have availed himself of all the defences to the landlord's claim, which are alleged in the bill. "In trespass or special action on the case, he could recover any damages occasioned by the alleged illegal distress." And he had his legal remedy against Smith for his breach of contract in failing to pay the rent as it accrued. In our opinion, the bill does not present a case entitling the appellee to equitable relief by in-

junction; he ought to be left to his remedies at law, which are adequate and complete. In support of this position, it is hardly necessary to cite authorities; we refer only to *Lewis vs. Levy,* 16 *Md.,* 85; *Chappell vs. Cox,* 18 *Md.,* 513, and to *Glenn & Kennedy vs. Fowler,* 8 *G. & J.,* 347, 348, 349.

*Order reversed and*
*cause remanded.*

(Decided 13th June, 1871.)