(Decided 17th December, 1879.)

JOHN M. MILLER *vs.* THE BALTIMORE COUNTY MARBLE COMPANY, and others.

*Demurrer to Bill in Equity—Multifariousness—A failure to file the Exhibits on which a prayer for Injunction is based not Waived by a Demurrer to the Bill—A general Demurrer to the Whole bill overruled where it was good only as to Part of the Bill.*

A bill was filed by the complainant claiming to be a creditor of and a shareholder in the B. C. M. Co., a corporation under the laws of this State, alleging that the corporation was insolvent, and praying that its liabilities might be ascertained, and the shareholders ratably assessed towards the payment of said indebtedness. The bill further alleged that F., being the president of said corporation and the holder of unpaid shares of its capital stock, fraudulently obtained a judgment against the company, and afterwards brought suit against W., a shareholder, and as such individually liable for

Miller *vs.* Balto. County Marble Co., *et al.*

the debts of the corporation, and recovered judgment against him. In addition to the prayer for general relief, the complainant prayed that F., and L., his assignee, might be restrained from enforcing the payment of said judgment.   On demurrer it was HELD:

1st. That the bill was not multifarious.

2nd. That the bill in so far as it prayed for an injunction was fatally defective, because it alleged that the company was indebted to the complainant on a promissory note secured by mortgage, and also upon a promissory note indorsed by the company, and the complainant had failed to file as exhibits with his bill either the notes, copy of mortgage, or any other evidences of said indebtedness.

3rd. That this defect was not waived by the demurrer, which admitted only the truth of the facts stated in the bill, so far as they were relevant and well pleaded.

4th. That the defect however only applied to the *special relief prayed*, namely to the injunction to restrain the judgment of F., and did not in any manner affect the general relief to which the complainant was entitled as a creditor and shareholder of the company.

5th. That the demurrer being general, applying to the whole bill, and good as to a part only, should be overruled.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*John Henry Keene, Jr.,* for the appellant.

*Skipwith Wilmer,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This bill was filed by the appellant, claiming to be a *creditor and a shareholder* in the Baltimore County Marble Company, a corporation created under the general law of this State.   It alleges that the Company is insolvent and

644    MARYLAND REPORTS.

Miller *vs.* Balto. County Marble Co., *et al.*

prays that its liabilities may be ascertained, and the shareholders ratably assessed towards the payment of said indebtedness.

The bill further alleges, that Frederick Fickey, Jr., being the President of said corporation, and the holder of *unpaid* shares of its capital stock, fraudulently obtained a judgment against the Company for $5445.75—and that afterwards he brought suit against one Charles Weber, a shareholder, and as such individually liable for the debts of the corporation, and recovered judgment against him for $3804.89.

In addition to the prayer for general relief, the complainant prays that Fickey, and Lanahan, his assignee, may be restrained from enforcing the payment of said judgment.

To the bill a general demurrer was filed, and this appeal was taken from the order of the Court, sustaining the demurrer and dismissing the bill.

In support of the demurrer, it is urged in the first place, that the bill is *multifarious.*

It will be found upon an examination of the many cases in which this subject has been considered, that the objection to bills in equity on the ground of *multifariousness,* is confined to three classes :

1st. Where the bill embraces different persons as plaintiffs or defendants, who have no privity with each other, as in *Exeter College vs. Rowlan,* 6 *Mad.,* 294, and *Attorney-General vs. Merchant Tailors' Company,* 1 *M. & K.,* 189.

2nd. Where the same party sues or is sued in different capacities, as in *Ward vs. Duke of Northumberland,* 2 *Anst.,* 469, and

3rd. Where the defendant is sued in regard to several distinct matters, which have no connection with each other, as in *Attorney-General vs. Goldsmith Company,* 5 *Sim.,* 675.

Now it is very clear, the bill before us does not come within either of these classes.    It is simply a bill by a

creditor and shareholder, alleging the insolvency of the corporation, and praying that the shareholders may be assessed ratably for the payment of the debts of the company. It is true, that in addition to the prayer for general relief, the complainant seeks to restrain the execution of a judgment, which he alleges was fraudulently recovered against the corporation. But all the parties have a common interest in the subject-matters embraced in the bill—a common interest in ascertaining the liabilities of the company, including the Fickey judgment, and the amount which each shareholder is liable for contribution on account of said indebtedness. In no sense then can the bill be said to be *multifarious.*

In the next place, it is urged, that the bill is fatally defective, because the complainant has failed to file either the notes or mortgage, or other evidences of debt, upon which his claim as creditor is based. We have repeatedly held that where one seeks the intervention of a Court of equity by way of injunction, the bill upon its face must make out a strong *prima facie* case; and that the mere oath of the party as to the existence of a debt of which he holds the written evidence, and which he does not file as an exhibit, or satisfactorily account for its non-production, will not be regarded as proof of the debt. *Union Bank vs. Poultney*, 8 *G. & J.*, 332; *Nusbaum vs. Stein*, 12 *Md.*, 315; *Mahoney vs. Lazier*, 16 *Md.*, 69; *Hankey vs. Abrahams*, 28 *Md.*, 590.

In this case, the complainant alleges that the company was indebted to him on a promissory note for four thousand dollars, the payment of which was secured by a mortgage; and also upon two promissory notes, drawn by one Jeremiah Black, and endorsed by the company, amounting to $812.54, but he fails to file as exhibits with the bill, either the notes, copy of mortgage, or any other evidences of said indebtedness. In this respect, therefore, the bill so far as it prays for an injunction is fatally defec-

tive. Nor is this defect waived by the demurrer. It admits only the truth of the facts stated in the bill, so far as they are relevant and well pleaded. Whenever the ground of objection or defence is apparent on the face of the bill itself, either from matter contained in it, or from defect in its frame, it is well settled, that the proper mode of taking advantage of such objection is by demurrer. *Williams vs. Steward,* 3 *Meri.,* 472, 492; *Ford vs. Pering,* 1 *Ves., Jr.,* 77; *East India Compy. vs. Henchman,* 1 *Ves., Jr.,* 291; *Earle vs. Holt,* 5 *Hare,* 180.

This defect, however, applies only to the *special relief prayed,* namely to the injunction to restrain the Fickey judgment, and does not in any manner affect the general relief to which the complainant was entitled, as a creditor and shareholder of the company. Where the demurrer is general, that is, where it covers or applies to the whole bill and is good to a part only, it must be overruled. *Metcalf vs. Hervey,* 1 *Ves., Sr.,* 248; *Verplank vs. Caines,* 1 *John. Ch.,* 57; *Higginbotham vs. Bennet,* 5 *John. Ch.,* 184; *Todd vs. Gee,* 17 *Ves.,* 273; *Jones vs. Frost,* 3 *Madd.,* 8; *Attorney-Genl. vs. Brown,* 1 *Swans.,* 304.

If it be conceded then, that the complainant was not entitled upon the face of the bill to the writ of injunction against the Fickey judgment, yet being a creditor of an insolvent corporation, facts admitted by the demurrer, he was as such, entitled to the general relief prayed, and the Court erred in sustaining the demurrer to the whole bill.

The order of the Court must therefore be reversed, and the cause remanded for further proceedings.

> *Order reversed, and
> cause remanded
> for further proceedings.*

(Decided 17th December, 1879.)