(Decided 12th November, 1886.)

---

ALETHEA HULL, and HERBERT HULL, her Husband, *vs.* ELLEN CAUGHY.

*Appeal—Receiver—Article 5, section 21, of the Code.*

No appeal lies from an order refusing to rescind a previous order appointing a receiver.

Neither the appointment of a receiver, nor the refusal to discharge him before final decree, involves the determination of any right between the parties.

An order refusing to rescind a previous order appointing a receiver, is not within the meaning of that clause of section 21 of Article 5, of the Code, which declares that an appeal shall lie "from an order determining a question of right between the parties, and directing an account to be stated on the principle of such determination."

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, and BRYAN, J.

*Andrew C. Trippe,* for the appellants.

*Arthur W. Machen,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The order appointing the receiver was passed on the 2d of March, 1886, from which no appeal was taken; but after filing their answer, the defendants moved to rescind the order of appointment, and on the 10th of April, 1886, the Court passed an order refusing to rescind its previous order, whereby the receiver was appointed; and it is from that order of the 10th of April, 1886, that the present appeal has been taken.

The appellee has moved to dismiss the appeal, and it is clear the motion must prevail. The order from which the appeal is taken is in no sense an order in the nature of a final decree; and while an appeal is given from an order appointing a receiver, no appeal is given from an order refusing to rescind the appointment, or to discharge the receiver. Code, Art. 5, secs. 20, 21. There have occurred cases where appeals have been taken, and maintained in this Court, from orders appointing receivers, orders granting injunctions and appointing receivers, and orders refusing to dissolve injunctions and discharge receivers (in all of which cases appeals are authorized by the statute); and under which appeals the question of the propriety of continuing the receiver, (because necessarily involved,) has been considered; as in the cases of *Speights vs. Peters,* 9 *Gill,* 472, and *Voshell & Heaton vs. Hynson,* 26 *Md.,* 83. In such cases there was a proper subject-matter of appeal, in the order appointing the receiver, or granting, or refusing to dissolve, the injunction, and it was only in connection therewith, and as being necessarily involved therein, that the question, as to the propriety of retaining or discharging the receiver, was presented, or could be considered by this Court. But we are not aware of any case where it has been held by this Court, that an appeal would lie from an order simply refusing to rescind the appointment of, or to discharge, a receiver.

It is contended that the order appealed from is embraced within the meaning of that clause of sec. 21 of Art. 5 of the Code, which declares that an appeal shall lie "from an order determining a question of right between the parties, and directing an account to be stated on the principle of such determination." But it is an established principle that neither the appointment of a receiver, nor the refusal to discharge him, before final decree, involves the determination of any right between the parties. As said by this Court, in *Ellicott vs. U. S. Ins. Co.*, 7 *Gill*, 307, 320, repeating the language of Chancellor BLAND, "a receiver is an officer of the Court. He is truly and properly the hand of the Court; but his appointment determines no right, nor does it affect the title of the property in any way. The holding of the receiver, is the holding of the Court for him from whom the possession was taken."

The appeal must therefore be dismissed.

*Appeal dismissed.*

(Decided 12th November, 1886.)