(Decided December 1st, 1897).

---

# THE R. FRANK WILLIAMS CO. et al. *vs.* THE UNITED STATES BAKING CO. et al.

*Answer of a Corporation in Equity Must be Under Seal—Appeal— Receivers.*

A defendant corporation cannot answer a bill of complaint in equity except under its corporate seal.

No appeal lies from an order overruling a motion to dismiss a bill in equity against a corporation and to discharge receivers appointed under it.

From an order appointing receivers an appeal can only be taken after the defendant has filed an answer, and if that which purports to be an answer is in law no answer at all, the appeal will be dismissed.

Two appeals from the Circuit Court for Wicomico County (HOLLAND, J.)

The cause was argued before MCSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*James E. Ellegood* (with whom was *G. Grier Ratcliff* on the brief), for the appellants.

*Robert P. Graham* (with whom were *Jay Williams* and *N. T. Fitch* on the brief), for the appellees.

MCSHERRY, C. J., delivered the opinion of the Court.

A bill of complaint was filed on the equity side of the Circuit Court for Wicomico County on July the twenty-second, eighteen hundred and ninety-seven, by the appellees against the appellant, praying for the appointment of receivers to take possession of the appellant's assets and property. The appellant is a body corporate duly incorporated under the general laws of Maryland pertaining to the creation and formation of corporations. On the day the bill was filed an order was signed appointing receivers as prayed. In disposing of the only question which we are required to decide or can determine as the record stands, it is unnecessary to make reference to the allegations of the bill. On the twenty-eighth of July the appellant filed in the Court below a motion to dismiss the bill and to rescind the order appointing the receivers ; but this motion was overruled on August the second. On the fourth of August what purports to be an answer of the defendant corporation signed by two solicitors, *but not under the seal of the corporation*, was filed ; and on the same day an appeal was taken by the defendant from the order of July the twenty-second appointing the receivers, and from the order of August the second overruling the motion to dismiss the bill and to rescind the appointment of the receivers. On the seventh of August another paper signed by three persons professing to be a majority of the directors of the defendant corporation was filed, wherein all

the allegations of the bill are admitted and whereby it is claimed that the appeal of August the fourth was taken without the authority of the company. This paper is not under the corporate seal.

A motion has been made in this Court to dismiss the two appeals docketed pursuant to the prayer of appeal dated August the fourth. Various reasons have been assigned in support of this motion, but as one of them is decisive and must prevail, it alone will be considered. This is the third reason, and it asks that the two appeals shall be dismissed, " because the appellant did not file any answer at all before entering an order for appeal."

From the order denying the motion of July the twenty-second, which motion asked that the bill be dismissed and that the appointment of the receivers be rescinded, standing alone, no appeal will lie. This precise proposition has been decided in *Hull* v. *Caughy*, 66 Md. 104. The order overruling this motion is in no sense a final decree, nor is it an order in the nature of a final decree ; and though an appeal is allowed from an order appointing a receiver, no appeal is provided by statute, from an order refusing to rescind the appointment, or refusing to discharge the receiver. *Code*, Art. 5, sec. 21. As observed in *Hull* v. *Caughy*, there are cases reported where upon appeals taken and entertained from orders appointing receivers or from other like orders from which an appeal is especially provided for by statute, the propriety of continuing or of discharging the receiver has been considered. But the propriety of continuing or of discharging the receiver was considered only because there was an appeal properly taken on some other ground. So it comes to this inquiry : Has there been an appeal properly taken from the order of July the twenty-second, appointing the receivers ?

The section of the Code to which reference has just been made expressly provides for an appeal from an order appointing a receiver ; but the appeal can only be taken *after* the defendant has filed an answer. The filing of an answer

is an indispensable prerequisite to an appeal. Though the answer cannot be looked to in determining whether the order appealed from ought to have been granted or not—for the propriety of the order is dependent alone upon the sufficiency of the averments of the bill—still the appeal cannot be entertained and therefore the sufficiency of the allegations of the bill cannot be considered, unless an answer has been filed *before* the appeal was prayed. This is the imperative requirement of the statute and cannot be disregarded. If no answer was filed below, or if that which purports to be an answer is in law no answer at all, then there is no appeal before us which can be considered and the motion to dismiss must prevail.

We have said that the appellant—the defendant below and the only defendant in the case—is a body corporate; and we have stated that the paper purporting to be its answer is not under its corporate seal. If a defendant corporation cannot answer in a Court of Chancery except under its corporate seal, then there is no answer in the case and there was none before the appeal was taken. Now, can a defendant corporation make answer in a Court of Chancery to a bill of complaint filed against it, except under its corporate seal? It is perfectly clear that it may sue as plaintiff in equity or at law without affixing its corporate seal to the bill of complaint or the declaration. *George's Creek Coal & Iron Co.* v. *Detmold*, 1 Md. Ch. Dec. 371; but it is equally true that it can only answer in a Court of Equity under its seal. *McKim.* v. *Odom*, 3 Bl. 420; *Am. Tel. Co.* v. *Pearce*, 71 Md. 539; *Miller's Eq.*, sec. 167; *Barroll Ch. Pr.* 460; *Alex. Ch. Pr.* 61; 2 *Danl. Ch. Pr.*, star-page, 270; *Cooper's Eq. Pl.* 325; *Story's Eq. Pl.* sec. 874; *Md., &c., Co.* v. *Wingart*, 8 Gill, 170; *Balto., &c., R. Co.* v. *Wheeling*, 13 Gratt, 40; *Ransom* v. *Stockington Sav. Bk.*, 13 N. J. Eq. 212; *Haight* v. *Morris Acqueduct*, 4 Wash. (U. S.) 601; *Griffin* v. *State Bank*, 17 Ala. 258; 1 *Ency. Pl. & Pr.* 886, note 6; *Ang. & Ames, Corp.*, sec. 665, and notes. The *form* of the answer is given in sec. 665; last cited.

It is obvious, then, as the paper purporting to be an answer is, by reason of the absence of a seal, no answer at all, that there is no answer in the case; and it follows, from the plain provisions of the statute, that the appeals taken without an answer being filed, cannot be considered and must be dismissed; and it is so ordered.

*Appeals dismissed with costs.*

(Decided December 2nd, 1897).