## HENRY S. NAGENGAST *vs.* URBAN S. ALZ.

*Insufficient Allegations of Bill to Restrain Action of Ejectment—Invalid Parol Agreement Relating to the Use of Land.*

Plaintiff filed a bill alleging that he was the owner of a certain patent and that a verbal contract was made between him and the defendant, by which the defendant agreed to take charge of the sale of the patent rights and to furnish money for the support of the plaintiff in consideration of a future assignment of a part interest in the patent; that at plaintiff's suggestion and "as part of said business affairs," defendant purchased a certain tract of land, taking the deed in his own name, with the understanding that plaintiff would pay for the same with money to be thereafter realized from sales of the patent; that plaintiff took up his residence on the land, and that the defendant had brought an action of ejectment for the same against the plaintiff. The prayer of the bill was for an injunction to restrain prosecution of the ejectment suit and for a decree declaring the land to be held in trust for the plaintiff, and for certain other relief. Neither the patent nor any other exhibit was filed with the bill. *Held,* that these allegations do not entitle plaintiff to the injunction asked for, since defendant's purchase of the land with his own money did not create a resulting trust in plaintiff's favor, and the agreement alleged relating to its use was not only without consideration, but was also invalid under the Statute of Frauds, and because copies of the patent and of the assignments and of the deed to the land were not filed as exhibits with the bill.

Appeal from an order of the Circuit Court for Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*R. R. Boarman* and *Arthur Herzog* (with whom was *J. J. Lindsay* on the brief), for the appellant.

*Elmer J. Cook,* for the appellee.

PAGE, J., delivered the opinion of the Court.

This appeal is from an order of the Court below granting an injunction to restrain the appellant from prosecuting a suit at law against the appellee.

The bill alleges that prior to August, 1899, the appellee was the owner of a patent known as "Safety Device for Elevators;" that he entered into a contract with the appellant whereby the latter agreed to assume charge of the sale of the patent, conduct the business affairs of the appellee and act as his secretary; that in consideration of the assignment of a half-interest in the said patent for England, France and Belgium, the appellant agreed to furnish money for the support of the appellee and "take charge of the business affairs of" the appellee; "that as a part of said business affairs the said Nagengast purchased and took a deed in his own name on August 17th, 1899, for a tract of land, consisting of about eight acres located, &c., a certified copy of which deed will be filed in this case if the same is deemed necessary." That "the said tract of land was purchased in the name of said Nagengast at the suggestion and direction and the price agreed upon by your orator and the said Nagengast, that the said Nagengast would pay the amount of the price above the amount that could be obtained on mortgage on said property and pay taxes and interest on mortgage and all other expenses thereon, until the sale of said patent be consummated, and your orator would repay him as soon as he could realize money from the sale of

said patent, and that in the meantime your orator should be considered the real owner of said tract of land." The bill further alleges that the said tract was in fact purchased for the appellee, who immediately removed to and since has lived thereon since that time ; that the appellee refused to assign a half-interest in the patent for the United States to the appellant, and thereupon the latter took legal proceedings to eject him from the land ; that an ejectment suit for that purpose is now pending in the Baltimore City Court ; and prays that an injunction may issue restraining the appellant from the further prosecution of that suit. The bill contains other allegations, but they are not important in the determination of the question involved.

The Court granted the injunction as prayed, and the appellant, having filed an answer to the bill, has appealed.

The appellee contends that the facts just stated make "a clear case of constructive trust," and to sustain his contention, cites *Tiedeman on Real Property*, 2d ed., sec. 501, to the effect that such a trust arises "when the trustee or any person holding a fiduciary position, by fraud actual or constructive, makes an illegal disposition of the trust property, to the injury of the *cestui que trust* or beneficiary." However true this may be as an independent proposition, it is difficult to perceive its application to the facts of this case. It is not charged that the appellee has paid any money, or done or forborne anything on account of the purchase of the property, or that he is in any different situation than before the transaction. It is alleged that the appellant purchased and took a deed in his own name, "as part of said business affairs," but it is not stated what the connection was, and it is impossible in the absence of information to understand what the purchase of the land had to do with the business of the other. It is not shown what interest the appellee had in the property, if any. The counsel for the appellee contends that the facts show that the appellant has dealt fraudulently, but in what does it consist? Although the property was purchased "at the suggestion and direction" of the appellee, and the price was "agreed upon"

by him, that could confer no title or interest upon him, unless he had given some consideration whereby an equity could be invoked in his favor. Reduced to a plain statement, the facts set forth in the bill amount to no more than that the appellant assumed charge of the business affairs of the appellee and the sale of the patent, and that during the time he was so employed, he purchased with his own funds and upon his own credit, a certain tract of land, and at the time verbally agreed, without receiving any consideration therefor, that he would sell it to the appellee for the same price, whenever the latter could realize the money from the sale of the patent. Such an arrangement does not create a valid contract between the parties. It is a mere understanding, entered into without consideration, on the part of the appellant, and not enforceable either in law or equity.

Nor can a resulting trust arise from such facts. " The whole foundation of the trust (resulting) is the payment of the money, and that must be clearly proved. If, therefore, the party who sets up a resulting trust made no payment, he cannot be permitted to show by parol proof that the purchase was made for his benefit, or on his account." *Brennan* v. *Durkin*, 76 Md. 456.

Apart from this, even if the arrangement between the parties contained the requisite elements of a contract, it would not avail the appellee. It would then amount to a verbal contract, whereby it was agreed that the land should be purchased by the appellant for the benefit of the appellee, and such a contract would be within the statute of frauds and null and void. *Keller* v. *Keller*, 45 Md. 274.

The appellant at the hearing raised the point that injunction ought not to have been granted, because the necessary exhibits were not filed with the bill. The rule of law upon this point is well settled that if the complainant seeks the intervention of a Court of Equity by way of injunction he must make out a clear case, and if he has in his possession or can produce authenticated copies of papers or instruments of writing on which his equity rests, such papers or instruments of writing or copies

thereof must be filed in support of the bill, in order that the Court may see that he is entitled to the relief prayed. *Shoemaker* v. *Nat. Mechanics Bk.*, *&c.*, 31 Md. 401.

In the case at bar, the complainant rests his alleged equity upon the patent and its assignment and the deed to Nagengast, and the agreements made in reference thereto. Copies of the patent and the assignment thereof must be recorded in the office of the Commissioner of Patents; (Revised Statutes U. S., secs. 4883 and 4898;) and any person making application and paying the fee required by law is entitled to have certified copies thereof. Sec. 4892. The appellee has not filed copies of the patent, assignment thereof, nor the said deed. These were necessary exhibits to be filed with the bill, and not having been so filed, or assigned some satisfactory reason for their non-production, the injunction should not have been granted. *Banks* v. *Busey*, 34 Md. 437; *Morton* v. *Grafflin*, 68 Md. 545; *Hankey* v. *Abrahams*, 28 Md. 588. The decree must be reversed.

> *Decree reversed with costs and bill dismissed.*

(Decided June 13th, 1901.)