## THE MONUMENTAL MUTUAL LIFE INSURANCE COMPANY *vs.* LLOYD WILKINSON, Insurance Commissioner.

*Appeal From Order Appointing Receiver Passed by Consent—Statute Directing Insurance Commissioner to Proceed Against Insolvent Companies.*

An appeal lies from an order appointing receivers but not from an order refusing to rescind an appointment previously made.

Proceedings were instituted by the State Insurance Commissioner under the Act of 1902, ch. 388, against an insurance company alleged to be

insolvent and receivers to take charge of its assets were appointed with the consent of the company. *Held*, that on appeal from this order the company cannot be heard to allege that the appointment was not properly made.

The Act of 1902, ch. 388 (Code, Art. 23, sec. 122, sub-sec. 7), empowers or directs the Insurance Commissioner to institute proceedings for the liquidation of insurance companies, which shall be insolvent or fraudulently conducted. *Held*, that the statute is not unconstitutional as depriving an insurance company of its property without due process of law, since it is within the power of the State to prescribe the terms upon which corporations created by it shall be permitted to continue to transact business.

Appeal from the Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J. FOWLER, BOYD, and SCHMUCKER, JJ.

*Geo. M. Upshur*, for the appellant.

*Arthur D. Foster*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case was taken from two orders of Circuit Court No. 2, of Baltimore City, the first of which appointed receivers of the assets of the defendant corporation and the second refused to rescind their appointment. No appeal lies from the order refusing to rescind the appointment because it is not final in its nature, *Hull* v. *Caughy*, 66 Md. 104, but, as sec. 25 of Art. 5 of the Code, authorizes an appeal from an order appointing receivers, we will consider the propriety of the passage of the order appointing them in the present case.

The bill professes to have been filed under the authority conferred by sub-sec. 7 of sec. 122 of Art. 23 of the Code as re-enacted by ch. 388 of the Acts of 1902. It is unnecessary to here insert that sub-section at length, it is sufficient to say that it embodies three provisions relating to the powers and duties of the Insurance Commissioner relevant to the present

controversy, which, stated in their reverse order, are; (1) The Commissioner is *empowered* to institute through the Attorney-General or such attorney as he may select, suits and prosecutions for *any violation* of the provisions of the insurance laws of the State.    (2) He is *directed* to institute appropriate proceedings according to law for the liquidation of the affairs of any insurance company of this State which shall "*appear to him* upon examination" to be insolvent or fraudulently conducted.    (3) He is also *directed whenever he has reason to believe* that any insurance company is insolvent or fraudulently conducted to make complaint thereof to a Judge of the Circuit Court where the company or its agent is located and it is then made the duty of the Judge to appoint a commission to examine into the company's affairs and if their report sustains the allegations of the complaint to at once close by injunction the affairs of the company.    Other portions of sec. 122 authorize the Commissioner to make examination either in person or by his agents of insurance companies and require him "once at least during his term of office" to thoroughly examine every such company organized under the laws of this State.

The substantial facts which called for the application of the provisions of this law to the present case are as follows : The appellee, the Insurance Commissioner of Maryland, filed the bill in Circuit Court No. 2, of Baltimore City, on October 10th, 1903, through counsel selected by the Attorney-General, alleging that the appellant was a life insurance company incorporated under the general laws of this State for the purpose of insuring lives on the annual, endowment or any other plan and that it had deposited $100,000 in securities with the State Treasurer according to law in order to entitle it to issue insurance policies, that it had on October 19th, 1900, taken over the insurance business and assets of the Order of the Iron Hall of Baltimore City and had since then been conducting a life insurance business, many of the details of which are mentioned in the bill but need not be noticed here.    The Commissioner then alleged in the bill that, having been in-

formed by his official actuary that the defendant's liabilities were grossly in excess of its total resources, he felt it to be his duty to make complaint thereof to the Court in accordance with the provisions of sub-sec. 7 of sec. 122 of Art. 23 of the Code. He further averred in the bill that from his own investigation into the affairs of the defendant it appeared that it was conducting business upon an impracticable plan, that it had transcended the powers conferred on it by its charter and that it was insolvent. The prayer of the bill is for the appointment of a commission under sub-sec. 7 of sec. 122 to thoroughly examine the condition of the defendant and, if the charges of insolvency and abuse made in the bill should be sustained by the report of the commissioners, that the defendant's business might be restrained by injunction and a receiver of its assets appointed and its affairs liquidated and wound up.

A copy of the defendant's certificate of incorporation and of its by-laws exhibiting its plan or scheme of operations, and also a copy of the actuary's report to the Commissioner of the result of his examination into its condition appear among the exhibits filed with the bill.

The defendant answered the bill on October 16th, 1903, insisting that it was an assessment company and not an ordinary life insurance company and denying that it was insolvent or had transcended its corporate powers. The answer also sets up the fact that on the 29th of May previous, being threatened with these proceedings by the Insurance Commissioner, the defendant had filed a bill in the same Court for an injunction to restrain him from instituting them and that he had demurred to the bill and that the demurrer had been set for hearing but had not been heard at the time of the filing of the present bill. The answer further avers that the defendant had prior to the filing of the bill in this case assigned all of its assets to the I. O. O. F. Mutual Insurance Company of Philadelphia which assumed all of the defendant's obligations.

On March 4th, 1904, the Circuit Court appointed commissioners in accordance with the provisions of the statute to ex-

amine into the condition of the defendant.   They made the examination and filed their report in the case showing the defendant to be insolvent whereupon the Court on April 4th, 1904, appointed receivers to take possession of its assets and hold them subject to the further order of the Court.

On April 16th, 1904, the defendant by new counsel filed a petition in the case asking for the rescission of the order appointing the receivers.   Four days thereafter the Court filed an opinion and an order dismissing the petition of the defendant without prejudice to it to take such action as it might think proper by exceptions or otherwise to the report of the commissioners already mentioned.

It does not directly appear from the proceedings in the record what disposition was made of the bill set up in the answer as having been theretofore filed in the same Court by the defendant for an injunction to prevent the plaintiff from instituting or maintaining the present suit, nor does it appear whether the defendant was heard upon the appointment of the receivers after the coming in of the commissioners' report.   It is stated, however, in the opinion filed by the learned Judge below that after the filing of the answer in the present case no further proceedings were had therein until after the trial of the prior case of the defendant against the Insurance Commissioner, upon the demurrer to the bill, at which the Court after a full argument decided in an oral opinion that the defendant was an old line or level premium insurance company and was not an assessment company and sustained the demurrer to the bill and that thereupon, after taking a day or two for reflection, the counsel for the defendant took no appeal from the decision in that case, but informed the Court that he was instructed by his client to say that no further objection would be made to the appointment of the commission under the Act of 1902 or to the appointment of a receiver.   It is further stated in said opinion that on March 4th, 1904, at the appointment in this case of the receivers the defendant not only made no objection to their appointment, but through its then counsel asked for and received representation in the receivership and that the

persons who were appointed receivers were agreed upon by the counsel for the respective parties to the suit.

It appearing upon the face of the proceedings that this suit was brought under and in conformity with the provisions of sub-sec. 7 of sec. 122 of Art. 23 and that it has been conducted in substantial compliance therewith it follows that the Circuit Court had jurisdiction to entertain it; and it further appearing that the order appointing the receivers was passed under such circumstances that it was to all intents and purposes passed by consent of the defendant it is bound thereby and cannot be heard to contest the validity of the order on appeal.

Furthermore no order or decree for the liquidation of the affairs of the defendant or for any final disposition of the case has yet been passed. The order appealed from simply directs the receivers to take possession of the assets and hold them subject to the further order of the Court. There is no force in the contention urgently advanced by the defendant that sub-sec. 7 was unconstitutional, because it authorized an insurance company to be deprived of its property without due process of law. It is clearly within the power of the State to fix by statute the terms upon which corporations created under its general laws shall be permitted to continue to transact business.

The order appealed from will be affirmed.

*Order affirmed with costs.*

(Decided November 18th, 1904.)