# BALTIMORE SKATE MANUFACTURING COMPANY *vs.* WILLIAM D. RANDALL, JR.

*Receivers—When Not to be Appointed Without Notice— Appeal.*

A bill filed by a creditor of a corporation alleged that it was insolvent; that its property was in danger of distraint for non-payment of rent; that suits at law and attachments were threatened against it, and asked for the appointment of a receiver. No proof was offered in support of the averments of the bill and no evidences of debt were filed to show that the plaintiff was a creditor of the company. *Held*, that upon this bill a receiver should not be appointed without notice to the corporation and without a hearing, since it is not made to appear that there is imminent danger of loss and injury unless immediate possession of the property be taken by the Court.

Upon appeal from an order appointing a receiver upon a bill alone, orders subsequently passed in the cause are not before this Court for review.

*Decided February 2nd, 1910.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*W. Stuart Symington, Jr.,* and *Henry H. Dinneen,* for the appellant.

*Addison E. Mullikin* (with whom was *Joseph C. France* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal was heard on the 2nd day of December; 1909. A *per curiam* opinion was filed for reasons stated therein on the 9th of December, 1909, announcing our decision, "that the order filed September 2nd, 1909, appointing a receiver be and is hereby reversed and the cause remanded." We will now state the reasons for that conclusion.

The defendant, the Baltimore Skate Manufacturing Company and the appellant on this record, is a corporation duly organized under the laws of the State of Delaware, and was at the institution of these proceedings engaged in the manufacture of patented Roller Skates, at No. 6 West Lombard street, Baltimore City. The capital stock of the company is alleged to consist of fifteen hundred shares of the par value of one hundred dollars each. One thousand shares of the stock is common stock and the remaining five hundred shares is seven per cent. cumulative preferred stock. All of the common stock was issued and paid in, and two hundred and eighty-two shares of the preferred stock were issued and paid for in full.

The plaintiff, the appellee here, is an alleged creditor of the company to the extent of seven thousand dollars secured by promissory notes for money loaned, which notes are now due and unpaid. In addition to this, he asserts a liability for the payment on his part as endorser of certain of its promissory notes and accounts payable.

The bill was filed on the 2nd day of September, 1909, by the plaintiff against the defendant, in the Circuit Court of Baltimore City, alleging the insolvency of the defendant, and asking the appointment of a receiver to take charge of the property and effects of the corporation.

The substantial averments of the bill and those upon which he relies for the relief sought, are, that the corporation is hopelessly insolvent, that its debts are accumulating, its machinery and assets are in danger of distraint and there are threatened suits at law and by attachments, and its property

and assets are in imminent danger from these and like pro-
ceedings.

By the eighth paragraph of the bill it is alleged: "That
the property and assets of the defendant corporation are in
imminent danger of being attached under the laws of the
State of Maryland, permitting a resident creditor to attach
the goods and property of a non-resident debtor on an origi-
nal process, and is in the further danger of being seized by
the landlord for the non-payment of rent, and that said pro-
ceedings would further confuse its affairs and considerably
lessen the chances of collection by your orator and other
creditors of the amounts due them or any part thereof."

· The prayer of the bill is that a receiver may be appointed
to take charge of all the defendant corporation's business,
books, papers and accounts, franchises, goods and effects, and
to collect the debts due thereto, and to preserve or dispose of
the same under the direction of this Court.

On the 2nd day of September, 1909, on the same day the
bill was filed, and without notice to the defendant corpora-
tion, the Circuit Court of Baltimore City upon the bill and
affidavit, passed the following order.

"Upon the aforegoing bill of complaint and affidavit, it is
this 2nd day of September, 1909, by the Circuit Court of Balti-
more City ordered, adjudged and decreed, that Addison E. Mul-
likin, Esq., be and he is hereby appointed receiver of this Court
of all and singular, the property, franchises, effects, credits and
affairs of any and every kind, of the defendant corporation, the
Baltimore Skate Manufacturing Company; that the said re-
ceiver be authorized and directed to take immediate possession
of all and singular the property and premises of the defendant
corporation, as above described, whereof he is hereby appointed
receiver, to have and to hold the same as the officer of and un-
der the order and direction of this Court;

"It is further ordered, that the said receiver, before entering
upon his duty, shall execute proper bond, with surety or sure-
ties to be approved by this Court or the Clerk thereof, and to
file the same with the Clerk hereof, in the sum of twelve thou-
sand dollars;

"And it is further ordered that the said receiver report to this Court as soon as possible the condition of the property coming into his hands and to make such recommendations as to the management thereof as may to him seem wise, to be here-after passed upon by this Court."

And from the order. passed on the 2nd day of September, 1909, appointing the receiver, the defendant, on the 10th day of September, 1909, entered an appeal.

There were other proceedings subsequent to the order appealed from, to wit, the defendant's answer to the bill, exhibits filed by the defendant, amendment to the original bill of complaint, also a *nunc pro tunc* order dated the 27th of October, 1909, refusing to rescind the order appointing the receiver, but as we are restricted on this appeal to the propriety of the order passed on the 2nd day of September, 1909, in the determination of the case, they will not be considered by us. *Wagner* v. *Cohen,* 6 Gill, 97; *Haight* v. *Burr.* 19 Md. 130; *Blondheim* v. *Moore,* 11 Md. 365.

The sole question for our consideration is whether the prayer for the appointment of a receiver in this case should have been granted upon the averments of the bill in so summary a manner, and without a hearing upon the part of the defendant.

In *Davis* v. *U. S. Electric Co.,* 77 Md. 40, it is said: The principles applicable to the appointment of receivers have been definitely settled in Maryland. The power is a discretionary one, to be exercised with great circumspection and only in cases where there is fraud or spoliation or imminent danger of the loss of the property if the immediate possession should not be taken by the Court, and these facts must be clearly proved. *Frostburg Bldg. Association* v. *State,* 47 Md. 338; *Blondheim* v. *Moore,* 11 Md. 365.

In this case, there was no proof offered in support of the averments of the bill and no evidences of debt were filed to show that the plaintiff was a creditor of the company. Nor was any satisfactory reason assigned for their non-production. There was no charge of fraud or mismanagement nor proof

of a single material or vital averment, that would justify the appointment of a receiver without notice to the defendant and without a hearing of the case on its merits. *Banks* v. *Busey,* 34 Md. 437; *Mahaney* v. *Lazier,* 16 Md. 69; *Morton* v. *Grafflin,* 68 Md. 554; *Shoemaker* v. *Mechanics Bk.,* 31 Md. 396..

As was said by this Court, in *Triebert* v. *Burgess,* 11 Md. 452, there is no such imperious necessity as should justify the appointment of a receiver without notice, in the case before us, especially as the defendants were merchants residing in the City of Baltimore but a short distance from the Court in which the order was passed. *Nusbaum* v. *Stein,* 12 Md. 315; *Gottschalk* v. *Stein,* 69 Md. 51.

It is well settled by all the adjucations of this Court, and by the established equity practice in this State, that Courts cannot be too cautious and careful, in the exercise of a jurisdiction so summary in its character, and one which may deprive a person of his property without notice and without a hearing. To uphold an *ex parte* proceeding of this character, would not only afford a convenient mode of depriving one of his property but would work an injury that would be difficult to subsequently repair or remedy.

It follows from what has been said, that the bill in this case was fatally defective, and also for lack of notice to the defendant, and the Court below committed an error in passing the *ex parte* order of the 2nd day of September, 1909, and this order was properly reversed.

As to the *nunc pro tunc* order passed on the 27th day of October, 1909, and brought before this Court by a writ of diminution, we need only say, that this order was passed subsequent to the order appealed from, and is not properly before us on this appeal. *Wagner* v. *Cohen,* 6 Gill, 78; *Alexander* v. *Worthington,* 5 Md. 471.

The appeal in this case is from the order passed on the 2nd day of September appointing the receiver, and this brings before us for review only the proceedings upon which it was based, and the questions materially connected there-

with. Subsequent orders or proceedings not before the Court when it passed the order appealed from, cannot be considered, because to do so, would practically be an exercise of original jurisdiction. We are to be confined to the case as made out by the bill, because upon the bill and affidavit alone, the order was passed. *Wagner* v. *Cohen,* 6 Gill, 78; *Hull* v. *Caughy,* 66 Md. 104; *Alexander* v. *Worthington,* 5 Md. 471; *Blackburn* v. *Crawford,* 22 Md. 447; *Brick Co.* v. *Robinson,* 55 Md. 410; *Johnson* v. *Thomas,* 6 Md. 452; *Goodburn* v. *Stevens.* 5 Gill, 1.

For the reasons assigned, we reversed the order passed September 2nd, 1909, and remanded the cause, the appellee to pay the costs.

*Order reversed, and cause remanded with costs.*