HARVEY K. HAIGHT and HENRY O'CONNELL, *vs.* HENRY BURR.

The provisions of Art. 5, sec. 21, of the Code, in reference to appeals from orders granting injunctions and appointing receivers, being identical with those of the Act of 1835, ch. 380, must be construed in the same way.

Under the Act of 1835, ch. 380, it has been uniformly decided, that although the necessity of filing an answer is imposed on the defendant as one of the conditions on which his right to appeal depends; yet the Court of Appeals, in its decision, is confined to the case made by the bill, and does not consider the answer.

One of the rules by which Courts of Equity in this State are governed in the appointment of receivers, is: "That fraud, or imminent danger, if the intermediate possession should not be taken by the Court, must be clearly proved, and that unless the necessity be of the most stringent character, the Court will not appoint until the defendant is first heard in response to the application."

A bill in equity, asking for an injunction and the appointment of a receiver, filed by A, one of three partners doing business in this State, against B & C, the other members of the firm—A & B residing and also doing business under another firm, in Bridgeport, Conn., and C residing and managing the business in Baltimore, Md.—alleged in substance: That the partnership formed in 1854, and continued to 1857, under articles of agreement, was further continued, by agreement signed by B & C, and by the tacit consent of A, to terminate in July 1861; that there were annual settlements of the business, by the last of which, in July 1861, it appeared that the profits for the year preceding, amounted to several thousand dollars; that since that time C had largely over-drawn his interest in the concern, and B largely diminished his, while A had received nothing; that C had since controlled the business as if it was exclusively his, denying to A any settlement or satisfaction, or even access to the books of the firm; that C had failed to pay the debts of the firm, and was fraudulently appropriating the partnership funds, and diminishing the assets, and threatening "to sell out the whole concern," disregarding, and to the exclusion of, all rights of A; and that C was "of no pecuniary responsibility." HELD: That the case, as made out by the bill, satisfies the requirements of the rule above stated.

The failure of the complainant to exhibit the articles of co-partnership, had it appeared from the bill that they were in his possession, might have been urged, with much force, as a ground for refusing to grant an injunction or appoint a receiver before answer.

APPEAL from the Circuit Court for Baltimore city.

This is an appeal from an order of the Circuit Court for Baltimore city, appointing a receiver and granting an in-

junction. The bill was filed on the 15th of February 1862, and the order passed the same day, without notice to the defendants. The answers of the defendants, under oath, were filed on the 17th of the same month. The material averments of the bill are concisely stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Richard J. Gittings* and *Arthur W. Machen,* for the appellants:

We submit that the bill, on its face, did not present a case for the appointment of a receiver. It is well established, as a general rule, that a receiver ought never to be appointed without notice to the opposite party; that such notice was not given, is cause, *prima facie,* for the reversal of the order. *Nusbaum vs. Stein,* 12 *Md. Rep.,* 322. *Blondheim vs. Moore,* 11 *Md. Rep.,* 365. And it is incumbent on the party applying for the order, to show an "imperious necessity," to justify a departure from the rule. *Triebert vs. Burgess,* 11 *Md. Rep.,* 461. But the special circumstances here, so far from justifying an *ex-parte* proceeding, very clearly indicated that it was not a case for the exercise of the exceptional power of appointing a receiver, without hearing the opposite party on the application. By his own showing, the complainant had been resting without complaint for a long time; no recent act of injury was alleged, and no facts of any kind were stated, from which it could be reasonably inferred that irreparable injury must be the consequence of any delay. (See cases above cited.) Indeed, the whole cause of complaint resolves itself into vague allegations of his belief that some fraud was intended against him, without a single fraudulent act on which to ground his suspicion. *Hubbard vs. Hubbard,* 14 *Md. Rep.,*

356. It was the case of one partner setting himself against two; one of whom, Haight, stood confessedly clear of any imputation of fraud, and had at least equal claims with the complainant.

The bill discloses that there were articles of partnership, by which the rights and interests of the partners *inter se* were necessarily determined: such documentary evidence should be shown to the Court, when an *ex-parte* order is asked, yet these articles of partnership were not produced, nor is their non-production accounted for, or excused, nor is any call even made on the defendants to produce them. *Waters vs. Taylor*, 15 *Ves.*, 15. The same observation may be applied to the entries in the cash book, and to the stated account taken the 1st of July 1861. The defendants were both in Baltimore, within five minutes walk of the Court house, and their representation might have been obtained without loss of time, or possibility of prejudice to the complainant.

The property in question, carriages, and materials for making carriages, was not of such kind as to justify the apprehension of its being very speedily made way with. There was no sufficient ground for such an injunction as was prayed by the complainant, more especially in the absence of the articles of partnership; it was only meant to be in aid of the receivership, and the order ought therefore to be reversed in this respect also.

No counsel appeared for the appellee.

BARTOL, J., delivered the opinion of this Court:

This is an appeal from an order of the Circuit Court for Baltimore city, granting an injunction and appointing a receiver. By the 21st sec. of the 5th Art. of the Code of Gen. Laws, the right of appeal from such an order is given, "the answer of the party appealing being first filed in the cause." In this respect the provisions of the Code are identical with

those of the Act of 1835, ch. 380; and must be construed in the same way. According to the uniform course of decisions under the Act of 1835, it has been held, that although the necessity of filing an answer is imposed upon the defendant, as one of the conditions on which his right to appeal depends, yet this Court is confined to the case made by the bill, and does not examine the answer. *Wagner vs. Marshall & Cohen*, 6 *Gill*, 97. *Roman, et al., vs. Strauss, et al.*, 10 *Md. Rep.*, 89. *McCann vs. Taylor, et al.*, 10 *Md. Rep.*, 419.

The averments of the bill on this appeal, whatever may be the real state of the case, must be taken as true. 10 *Md. Rep.*, 470, *Rose & Gauss, vs. Bevan, et al.*

Our duty is to determine whether the case stated by the complainant, was one which justified the passage of the order appealed from.

Without stating here all the averments in the bill, we will briefly refer to those allegations on which the equities of the complainant mainly rest. It is alleged, that in the year 1854, he formed a co-partnership with the respondents, Haight and O'Connell, in the business of making, repairing and selling carriages, in the city of Baltimore. The two partners, Burr and Haight, residing at that time in Bridgeport, Connecticut, it was agreed that O'Connell, the other partner, should give his personal attention to the business, and receive a compensation of $500 per annum therefor. The bill alleges that the partnership was to continue for three years, and that after the expiration of that time, (in 1857,) articles for the renewal thereof were signed by the respondents, but not by the complainant, though he tacitly assented to the continuance of the old partnership till July last past, (July 1861,) as one during the sufferance or pleasure of the co-partners.

The bill, after stating that settlements had been made every year, up to July last, and setting out the condition

of the affairs of the firm at the time of the last settlement, in July 1861, charges "that since that time O'Connell has largely over-drawn all his interest in the concern, and Haight has largely diminished his, while the complainant has received nothing;" and the bill further charges that the respondent, O'Connell, has carried on the business as if it was his own, exclusively, denying to the complainant any settlement or satisfaction, refusing to allow him to have access to the books of the firm; that he has failed to pay the debts of the firm, although he had funds in hand sufficient for the purpose, leaving the complainant liable for such debts; and the bill further charges that the defendant, O'Connell, is fraudulently appropriating to his own use the funds of the partnership, and that he "threatens, in fraud of the complainant's rights, to sell out the whole concern, (being in possession,) to the exclusion of all rights of your orator; and is actually diminishing the assets of the said firm, which, if lost, your orator is remediless," because it is alleged "that O'Connell is of no pecuniary responsibility."

In the case of *Blondheim vs. Moore*, 11 *Md. Rep.*, 374, the rules by which Courts of Equity in this State are governed in the appointment of receivers, were distinctly stated, and among them is the following: "That fraud or imminent danger, if the intermediate possession should not be taken by the Court, must be clearly proved, and that unless the necessity be of the most stringent character, the Court will not appoint until the defendant is first heard in response to the application."

These rules are deduced from an examination of all the cases on the subject. And while we adhere to them, we are of opinion that the case made by this bill of complaint falls within them, and justified the Court below in passing the order, without waiting for the answers of the defendants. See *Williamson vs. Wilson*, 1 *Bland*, 418. *Rosenberg*

& *Blondheim, vs. Moore,* 11 *Md. Rep.,* 376. *Speights vs. Peters,* 9 *Gill,* 472. *Walker vs. House,* 4 *Md. Ch. Dec.,* 39. *N. C. Railway Co. vs. State,* 18 *Md. Rep.,* 193.

In the argument of the cause, the appellants have contended that the complainant ought to have exhibited with his bill the articles of co-partnership, so that their terms and the respective rights of the partners might clearly have appeared to the Court. Such a course would certainly have been proper, and if it had appeared from the bill that they were in his possession, the failure to produce them might have been urged with much force, as a ground for refusing to grant an injunction or appoint a receiver before answer. See *Union Bank vs. Poultney,* 8 *G. & J.,* 332. *Nusbaum vs. Stein,* 12 *Md. Rep.,* 318, 319, 321. *Mahaney vs. Lazier,* 16 *Md. Rep.,* 69.

It appears, however, from the bill, that the articles of co-partnership were not in the possession of the complainant. This is our interpretation of the averment in the bill on this subject, which is, "that they were left in the hands of the defendant, O'Connell." In such case, the failure of the complainant to produce them, forms no valid objection, and ought not to deprive him of the relief to which he appears to be entitled upon the allegations of the bill, verified by his oath. If upon the exhibition of the articles of co-partnership by the respondents, and their answers, it shall appear that the complainant is not entitled to a continuance of the injunction, or to have the funds placed in the hands of a receiver, an opportunity will be afforded to the respondents, by the Circuit Court, for an early hearing, on a motion to rescind the order complained of; but, as we have said, the proceedings subsequent to the passage of the order, are not before us on this appeal. And being of opinion that the averments of the bill, verified by the oath of the complainant, presented such a case of alleged fraud

and imminent danger as to justify the action of the Circuit Court, the order appealed from will be affirmed.

*Order affirmed and cause remanded.*