(Decided 21st June, 1883.)

WILLIAM SHANNON, DAVID R. SHANNON, and JOHN T. SHANNON *vs.* ENOS K. WRIGHT.

*Practice under Art. 5, sec. 21, of the Code—Receiver and Injunction.*

Under the construction repeatedly given to section 21, of Article 5, of the Code of Public General Laws, this Court is confined on the appeal provided by the statute, to the case made by the bill, and

does not examine the answer. The averments of the bill, whatever may be the real state of the facts, must be taken as true.

A case of alleged fraud and imminent danger to the complainant's interest in the partnership property as justified a receiver and an injunction for the protection of the same, until the rights of the parties could be further inquired into or adjudicated.

APPEAL from the Circuit Court of Baltimore City.

The appellee together with the appellants, were co-partners in the business of manufacturing and dealing in metals, in the City of Baltimore, under the firm name of Shannon, Wright & Co. A bill was filed by the appellee against the appellants, asking for an injunction and the appointment of a receiver. The case is further stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY, IRVING, and RITCHIE, J.

*William M. Busey,* and *Samuel Snowden,* for the appellants.

*Sebastian Brown,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City appointing a receiver and granting an injunction; with leave to the defendants after filing answers to the bill and upon giving five days notice to the complainant, to move for the rescinding of the order and the dissolution of the injunction.

The answers have been filed; but under the construction repeatedly given to the 21st sec. of Art. 5 of the Code of Pub. Gen. Laws, this Court is confined on the appeal provided by the statute to the case made by the bill, and does not examine the answer. The averments of the bill,

whatever may be the real state of the facts, must be taken as true. *Haight & O'Connell vs. Burr*, 19 *Md.*, 130.

Our duty, therefore, is simply to determine whether the case stated by the complainant was one which justified the passage of the order appealed from.

Without pausing to dwell upon those averments of the complainant which impute fraudulent misrepresentations to the defendants as to the value of the firm's assets and its business, by which he was induced to enter into a partnership with them, which has disproportionately engulfed his means and exposed him to great loss, we find in the specific allegations of clause ten of the bill ample ground for the equitable interposition he has invoked. That clause is as follows:

" And now your orator charges, that debts are due by, and suits are pending against, the firm, and that the defendants having the money of the firm in their possession, refuse to apply it toward the payment of said debts; that they refuse to give any money to your orator; that they refuse to permit your orator's counsel to examine the books of the firm; that they refuse to allow a competent book-keeper, selected by your orator, to examine the books of the firm; that in order to anticipate debts owing to the firm, and thus get the firm's money in their pockets, they have drawn drafts in the name of the firm upon their customers, and procured the same to be discounted by their lawyer and others at exorbitant rates of interest; that without the knowledge or consent of your orator they have given notes of the firm in settlement of debts not owing by the firm, one of said debts being for clothing purchased by D. R. Shannon and John T. Shannon, individually; that without the knowledge or consent of your orator the said D. R. and John T. Shannon have offset their own debts by sales of merchandise of the firm of Shannon, Wright & Co.; that they have no tangible property outside of their interest in said firm; that they rep-

Shannon *vs.* Wright.

resent themselves to be three stubborn brothers, and express their intention of litigating the matters in controversy by means of the firm's money until they have ruined your orator; that the said D. R. Shannon and John T. Shannon refuse to return the money which has been advanced to pay their debts; that defendants declare themselves to be unwilling to continue said partnership, even if your orator was willing, and yet they utterly refuse to dissolve the partnership; that they threaten to make contracts in the name of the firm, knowing they cannot be carried out, which contracts, if made, will render your orator liable in damages; that judgments will shortly be entered against the firm, and your orator damaged, unless the money in the hands of the defendants be applied to the payment of the notes sued on, as above stated ; and your orator charges that unless immediate relief be given by way of an injunction and receiver, which he is advised is the proper remedy, he will be reduced from a reasonable competence to poverty."

There is evidently here set out such a case of alleged fraud and imminent danger to the complainant's interest in the partnership property as justifies a receiver and an injunction; proceedings which do not determine the rights of the parties, but simply protect the property from injury or destruction until those rights can be further inquired into or adjudicated.    The order appealed from must be affirmed.

*Order affirmed,*
*and cause remanded.*

(Decided 6th July, 1883.)