## CHESAPEAKE BREWING COMPANY ET AL. *vs.* MT. VERNON BREWING COMPANY.

*Injunction to Protect Lessee's Interest in the Property Demised.*

The V. Brewing Company rented a building for five years, agreeing not to permit the use of the property for other purposes than that of a saloon or restaurant, and not to sub-let or assign without the consent in writing of the lessor. The company placed bar fixtures in the building and rented it to one L. as a monthly tenant, with the knowledge and consent of the landlord. L. agreed to conduct a saloon and to purchase all the beer there sold from V. Company. Several months afterwards, the landlord notified the V. Company that its lease had been forfeited and that the premises had been rented to the C. Brewing Company. This company took out the fixtures in the building and agreed with L. that he should occupy as its tenant. Upon a bill for an injunction, alleging a conspiracy between the C. Company, the landlord and L. *Held,* that the V. Company had done nothing to forfeit its lease, and that it was entitled to an injunction to restrain the rival brewing company and L. from carrying on business in the premises and from interfering with the plaintiff in the enjoyment of the property, because under these circumstance, an action at law would not afford an adequate remedy.

*Decided March 5th, 1908.*

Appeal from the Circuit Court of Baltimore City, (EL-LIOTT, J.

The cause was argued before BOYD, C. J., BRISCOE, PAGE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*H. Arthur Stump,* for the appellant.

*Dallett H. Wilson* (with whom was *Jas. McEvoy, Jr.,* on the brief), for the appellee.

BURKE, J. delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of

Baltimore City granting an injunction; with leave to the defendants to move for a dissolution thereof at any time after filing answers to the bill, and giving the plaintiff five days previous notice of the motion. The appellants, after filing separate answers to the bill, took this appeal. In determining the propriety of the order, we are confined to the averments of the bill, and the facts stated therein must be assumed to be true. *Haight and O'Connell* v. *Burr*, 19 Md. 130; *Shannon* v. *Wright*, 60 Md. 520. We have, therefore merely to decide whether the facts stated in the bill justified the passage of the order appealed from.

The facts are few and simple. The Chesapeake Brewing Company and the Mt. Vernon Brewing Company are rival corporations engaged in the manufacture and sale of lager beer and other malt liquors. The last named corporation has been engaged in the business of brewing beer in Baltimore City for more than two years, and in order to enable it to introduce and sell its beer it has leased a number of pieces of property in city to be used as saloons, wherein the beer brewed by it is sold. For this purpose it leased from Alice Havez, one of the defendants in this suit, the premises known as No. 1401 Patapsco street in City of Baltimore for the term of five years. The agreement of rental is under seal, and bears date the 28th of November, 1905. The tenancy was to begin on January 1st, 1906, and end on the 31st day of December, 1910. The lessee covenanted to keep the premises in good order, and surrender the peaceful and quiet possession of the same at the end of the term in as good condition as when received, the natural wear and tear of the property and unavoidable accidents excepted. The rent to be paid was three hundred dollars per year, payable monthly. The agreement also provides that the tenant will not use, or permit the use of the property for purposes other than those of a saloon and restaurant, and that it will not at any time assign the agreement or sub-let the property, or any portion thereof without the consent in writing of the landlord, or her representatives. It is further provided that if the rent

shall be thirty days in arrears the landlord shall have the right to distrain for the same, or to re-enter and take possession; and if the tenant shall violate any of the aforegoing covenants on his part herein made, the landlord shall have the right without formal notice to re-enter and take possession.    It is further provided that the agreement, with all its provisions and covenants, shall continue in force from term to term after the expiration of the term above mentioned; provided however, that the parties hereto, or either of them, can terminate the same at the end of the term above mentioned, or at any time thereafter, by giving at least sixty days previous notice thereof in writing.

The Mt. Vernon Brewing Company took possession of the premises under the terms of this agreement, and with the knowledge and consent of the landlord entered into a verbal agreement with George LeBarre, one of the defendants, to the effect that the said LeBarre should occupy the premises for the purpose of conducting a saloon as a monthly tenant of the said Mt. Vernon Company and pay unto it as such tenant the sum of twenty dollars per month, payable on the first day of each month, and also as an express condition of such rental the said LeBarre should purchase all beer sold by him from the Mt. Vernon Brewing Company.    On September 14th, 1907, Alice Havez, the lessor, wrote the Mt. Vernon Company that she had leased the premises to the Chesapeake Brewing Company, claiming that under the terms of the agreement the plaintiff's lease had been forfeited.    The plaintiff replied to this letter insisting that its lease was still in force, and stating that any step detrimental to its interest which the Chesapeake Brewing Company, or the lessor might take would be resisted by legal action.

The plaintiff had violated none of the terms and conditions of the lease under which it held the property.    The bill charges that after receiving the above mentioned letter from its lessor, the plaintiff heard nothing from the Chesapeake Brewing Company, and no demand was ever made upon it by said defendant, or Alice Havez, its landlord, for the possession

of said premises, but that it remained in the peaceful and quiet possession of the same until the 23rd of October, 1907, when, without any notice whatever to it, the Chesapeake Brewing Company took possession of the premises and removed the fixtures which had been placed therein and which belonged to the plaintiff, placing said fixtures upon the side walk in front of the premises and installed therein fixtures of its own, and that said Chesapeake Brewing Company is now occupying the premises. Immediately upon hearing that the Chesapeake Brewing Company was preparing to occupy the premises, the appellee notified its sub-tenant, George LeBarre, not to permit it to do so, but LeBarre assisted the defendant company to take possession of the premises, and is now occupying the same as the sub-tenant for the defendant corporation.

The bill avers that the action of the Chesapeake Brewing Company in obtaining possession of the premises in the manner stated "was brought about through a conspiracy entered into between it and the defendant, Alice Havez, and George LeBarre, and was done with the intent to endeavor to secure the custom and trade of your orator which it has built up and procured within the neighborhood of said premises, and unless it is immediately prevented and restrained from carrying on business upon said premisses which your orator avers it is now doing, your orator's business in said neighborhood will be seriously injured, if not altogether ruined."

The appellee, at the time it was thus evicted, was entitled to the enjoyment of the property under the terms of the agreement for a further period of at least three years. We have no doubt that the Court was clearly right upon this state of facts in granting the injunction. There was not only a violation of the implied covenant on the part of Alice Havez that the appellee should have the quiet enjoyment and possession of the premises during the continuance of the term, but there was also a breach of the contract on the part of LeBarre with the plaintiff. In addition to this the bill shows a conspiracy between Alice Havez, LeBarre, and the Chesapeake Brewing

Company in the execution of which the plaintiff has been dispossessed of the rented premises.    Upon the facts stated in the bill the plaintiff's legal rights are clear and unquestioned, and it would be strange indeed if a Court of equity were powerless to grant it protection from the acts of these tort feasors.

The decisions in this State are uniform that while an injunction will not lie to restrain a mere trespass, it will lie when the injury is destructive of the estate, as it has been held and enjoyed, or where full and adequate relief cannot be granted at law, or where it is necessary to prevent a multiplicity of suits.    The serious nature of the injury constitutes an equity upon which an application for an injunction in aid of a legal right may be founded.    "If trespass be fugitive and temporary, and adequate compensation can be obtained in an action at law, there is no ground to justify an interposition of Courts of equity.    Formerly, indeed, they were extremely reluctant to interfere at all, even in regard to repeated trespasses. But now there is not the slightest hesitation, if the acts done, or threatened to be done to the property, would be ruinous, or irreparable, or would impair the just enjoyment of the property in the future."    2 *Story Eq.*, sec. 928.    The facts in this case bring it fully within the operation of this principle. The jurisdiction of the Court to grant the injunction could also be well sustained upon the ground that it was necessary to prevent a multiplicity of suits; or that the remedy afforded by a Court of law under the circumstances would not have been full and adequate.    Certainly, a Court of equity ought not to permit these appellants, who, according to the allegations of the bill, have by a conspiracy deprived the appellee of the possession and enjoyment of its property to retain that possession, and send it to law to seek redress for the wrongs done by an action of ejectment, and two or three other suits in which the damage suffered by the plaintiff would be difficult to estimate.    The order appealed against will, therefore, be affirmed.

> *Order affirmed, and cause remanded,*
> *with costs to the appellee.*