ELLEN C. MURPHY ET AL. *vs.* JAMES H. PRESTON
ET AL., RECEIVERS.

*Insolvency of Building Association—Borrowing Member Who Has Paid More Than Mortgage Debt and Interest Not Preferred Creditor as to Excess.*

When a mutual building association has become insolvent so that the contract between it and a borrowing mortgagor member, who was an installment shareholder, becomes impossible of performance, such member is entitled to set-off against the amount of his mortgage debt, the premiums, interest and dues paid by him, when the mortgage debt exceeds the amount so paid. But if the payments of interest, premiums and dues exceed the amount of the mortgage debt and interest, when the association becomes insolvent, then such member is not entitled to be treated as a creditor of the association as to such excess, and to be repaid the same before distribution to the shareholders, but he is to be regarded as a shareholder, and is only entitled to share *pro rata* in the distribution of the assets with the other shareholders.

*Decided March 5th, 1908.*

.Appeal from the Circuit Court of Baltimore City (EL-
LIOTT, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE,
SCHMUCKER, THOMAS and WORTHINGTON, JJ.

*C. A. Tucker* (with whom were *Harman, Knapp & Ulman*
on the brief), for the appellant.

*Enoch Harlan* (with whom was *S. S. Field* on the brief),
for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The question presented by this appeal is in a certain sense
a corollary to the one determined by us in the case of the
present appellees against John W. Woodland reported in 104 Md.
642. In that case we determined that when the Colonial
Savings and Investment Association of Baltimore City, whose
assets are involved in the present suit, had become insolvent
and was in process of liquidation one of its members who owed
it a mortgage debt might set off against the debt not only the
premiums and interest but also the dues theretofore paid to
association by him under the mortgage. Our decision in
Woodland's case was put upon the ground, which had been
taken by us in earlier cases upon the same subject, that the
insolvency of the association having rendered impossible the
performance on its part of the contract between it and the
mortgagor that contract as originally contemplated between
the parties was destroyed and the liability of the mortgagor
on his mortgage must be ascertained in the ordinary way and
he was therefore allowed credit on his mortgage debt for all
payments of interest premiums and dues which had been made
under it. And in *Waverly Mut. Bldg. Assn.* v. *Buck,* 64 Md.
344–46, the existing relations between the mortgagor and the
association, under such circumstances, are described as those
of debtor and creditor.

We are asked in the present appeal to go a step further and
say that if the payments of interest, premiums and dues, made
to the same association by one of its shareholders under a
mortgage given by him to it, exceed the amount of the mort-
gage debt and interest and the association become insolvent
he is entitled, in the liquidation of its assets, to be repaid such
excess in full before the other shareholders receive anything
on account of their shares; or, in other words, that, as to such
excess, his relation to the association is to be regarded as hav-
ing been changed from that of shareholder to that of creditor.

The issue now before us arose as follows.    After the deci-
sion in Woodland's case the appellees as receivers in the
further liquidation of the assets of the association, allowed to
each shareholder indebted to it upon mortgage credit on his
mortgage debt for all payments of interest premiums and
dues made by him to the association up to the date of the
receivership..   It happened that the total payments thus made
to the association by a number of these borrowing share-
holders, including the present appellants who received a loan
of $2,500, exceeding the amounts due on their respective
mortgages, and as to such excess they were treated by the
auditor as shareholders and allowed the same dividend (15
per cent) thereon as was allowed to the other shareholders
upon the amounts which had been paid into the association by
them.    The appellants excepted to the auditor's account
allowing this dividend insisting that they were entitled to be
treated *quoad* the excess amounting to $891.01, of their pay-
ments over their mortgage debts and interest as creditors of
the association and to receive payment thereof in full.    Their
exceptions having been overruled and the account finally rati-
fied they appealed from the order of ratification.

There is no dispute as to the facts of the case and the
record contains an agreement that reference may be made to
Woodland's case for the contents of the certificate of incorpo-
ration and by-laws of the association.    As in that case we
stated the history and character of the association and the
general scheme of its operations we deem it unnecessary to

repeat them here.   It is sufficient for the purposes of this case to say that the association was a mutual building association having both full paid shareholders who received dividends at eight per cent on their stock and installment shareholders who received no dividends, and that the question before us concerns only the rights of installment shareholders.   The consideration of that question will be simplified by treating the installment shareholders as composed of two divisions, borrowers and non borrowers, whose rights and relation to the association were in all respects the same except in so far as those of the borrowing shareholders were modified by the new relations assumed by them as mortgagors.   Or to state the proposition in a different form, the non borrowing members stood simply to the association in the relation of shareholders, while the borrowing members occupied the dual relation to it of shareholders and mortgagors.

Under the scheme of the enterprise all of these installment shareholders were required to pay monthly dues to the association at the same rate upon each share of their stock until all of the stock became of the par value of $100 per share but the borrowing shareholders were required as such to make further and additional monthly payments to the association equal to interest at the rate of six per cent per annum on their mortgage loans and a like amount as premium on their loans.   Section nine of the by-laws of the association provides that "borrowers who desire to release their mortgaged property by paying all of their indebtedness to the association may at any time on application to the association, be allowed to do so."   As the interest and premium are payable only with respect to the mortgage debt, if the borrowing member were at any time permitted to pay off his mortgage debt his obligation to continue those payments would cease but unless he withdrew from the association he would still remain liable for the payment of his monthly dues until the maturity of his shares, both as a matter of law and by virtue of by-law No. 21 which provides that "the shares of a borrower who has repaid his loan shall be released and may be

withdrawn or continued until maturity sharing in full profits."
He would in that event cease to hold the dual relation of mort-
gagor and shareholder to the association but would be re-
mitted to the rights and obligations of a shareholder only.

The foregoing propositions are predicated upon the assump-
tion that the association continues to be a solvent and going
concern.   If however insolvency and liquidation of the asso-
ciation supervene, as they have done in the present case, the
contracts of the association not only with its mortgagors but
also with its shareholders as originally contemplated become
impossible of performance and are destroyed and the rights
and liabilities under both classes of contracts must be settled
in the ordinary way upon equitable principles.   We have
already determined the right of the mortgagor under such
circumstances to receive credit on his mortgage debt for all
dues, interest and premiums paid under his mortgage up to
the establishment of the insolvency of the corporation in the
cases of the *Low St. Bldg. Ass'n* v. *Zucker,* 48 Md. 448;
*Peters Bldg. Ass'n* v. *Jackesch,* 51 Md. 198; *Hampstead Bldg.
Ass'n* v. *King,* 58 Md. 280, and *Woodland case, supra,* but
we did not in any of those cases consider or pass upon the
precise question now before us.

The application, of the principles relied on in those cases,
to the facts of the present one requires us to hold that the ap-
pellants were entitled to credit on their mortgage debt for so
much of the dues, interest and premiums·paid by them to the as-
sociation during the life of the mortgage as were requisite to sat-
isfy the mortgage debt and interest, but when by such credit the
mortgage was satisfied and extinguished they were *ipso facto*
relegated to the position and rights of shareholders in refer-
ence to the residue of the payments so made by them, if, as in
the present case, such residue did not exceed the amount paid
by them *as dues,* exclusive of interest and premium.   We
draw this distinction between the several classes of payments
because, as we have already said, the payment of the dues al-
though secured by the mortgage was primarily incident to the
appellants relation of shareholders in the association while

their obligation to pay interest and premium sprung primarily from their relation of mortgagors or debtors to it.

Under these circumstances the auditor was right in allowing the appellants only the same rate of dividend, upon the $891.01 excess of their total payments over their mortgage debt and interest, which was allowed to the other installment shareholders upon the amount of dues paid into the association by them and the learned Judge below committed no error in overruling the exceptions and finally ratifying the account. We must therefore affirm the order appealed from.

*Order affirmed with costs.*