FRANK KRAFT ET AL. *v.* HIGHLAND PERMANENT
BUILDING ASSOCIATION.

[No. 13, October Term, 1933.]

*Decided November 22nd, 1933.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*R. Conlee Rose,* with whom was *James Morfit Mullen* on the brief, for the appellant.

*John Holt Richardson,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

Two free shareholders or depositors of a building and loan association have in this proceeding sought dissolution of the association under the provisions of section 92 of article 23 of the Code for dissolution of an insolvent corporation upon bill of complaint by a stockholder; a decree of dissolution has been denied; and they have appealed. The case was presented on the bill and an answer of the corporation, and the facts are therefore settled by the pleadings. *Miller, Equity Proc.,* 317, etc. The decisive question is, in the opinion of this court, whether the requisite insolvency is shown.

In February of 1933, the directors of the corporation came to the conclusion that under existing circumstances it was desirable that its affairs should be liquidated, and that money to be realized on the mortgages should, after payment of notes outstanding, be distributed to the free shareholders as the mortgages were paid off. A resolution embodying this conclusion was passed by the board and communicated to the shareholders, and in the communication, exhibited in the proceedings, the directors expressed their willingness to continue to conduct the affairs without extra cost to the shareholders until all assets should have been disposed of and the proceeds distributed, and they added that they believed that

the association was thoroughly solvent, and that every shareholder would be paid in full. Holders of the larger part of the shares, in amount, expressed assent to this plan, and none except the complainants dissented; and the holders of the outstanding notes consented to await the liquidation. Whether the notes have been renewed for that purpose is not stated. Liquidation of the association was then begun.

Frank Kraft, an original incorporator of the association, and a director throughout his connection with it, and also vice-president and treasurer, was, with his wife, holder of free shares in the amount of $26,657.02, including a dividend declared in December, 1932; and on October 17th, 1932, these complainants had given due notice of their intention to withdraw the amount standing to their credit. In December, 1932, Kraft resigned as a director. This proceeding was instituted after notice of the resolution to liquidate had been sent out by the remaining board.

The corporation respondent denied insolvency, but the complainants contend that a statement of the financial condition of the association on December 7th, 1932, sent out by the directors and exhibited with the answer, demonstrates insolvency notwithstanding the denial. The statement shows on its face resources of $363,643.03 and liabilities of $344,-689.22. In the resources are included mortgage loans valued at $322,198.32 and real estate valued at $38,903.97. How these valuations were arrived at is not stated in the record, and it may be that the resources cannot now bring so much; but the fact remains that on the face of the whole record it appears that there were $18,953.81 of resources in excess of obligations shown. The court cannot contradict this showing if the record does not. Only $2,540.74 in cash immediately available is shown, and there are notes outstanding for $30,000, and the appellants have elected to withdraw the amount of their deposit; and if an association, to be solvent, must have cash immediately available for payment of its obligations, then this association would not be solvent. Questions raised regarding the legal position of these withdrawing shareholders under a by-law of the association are not now

considered. Certainly, however, solvency does not require the holding of sufficient assets in immediately available cash.

The statute, section 92 of article 23 of the Code, provides that a corporation may be dissolved at the suit of a stockholder whenever it "shall have been determined by legal proceedings to be insolvent or shall be proven to be insolvent by proof offered under any bill filed under the provisions of this section"; and the court fails to find this proof of insolvency.

There are complaints entitled to consideration with a view to relief short of the dissolution prayed. Dividends had been declared by the association, it is averred, when there were no sufficient profits for the payment of them; but the averment is denied in the answer, and the denial accepted for the purposes of the suit by setting the case down for hearing on bill and answer. Loans now long in default are alleged to have been made on inadequate security, and mishandling of these loans when about to become in default is blamed for loss of a possible margin of safety. Kraft, as a member of the board of directors, had approved these loans, and therefore has no just ground of complaint against his fellow directors, or his corporation, for the making of them. *Matthews v. Headley Chocolate Co.*, 130 Md. 523, 529, 531, 100 A. 645. And the averment of mishandling is an indefinite expression, a statement of a conclusion of the pleader's, which would not enable the court to say that any wrong was done. *Howeth v. Coulbourne Bros.*, 115 Md. 107, 117, 80 A. 916; *Hagerstown Furniture Co. v. Baker*, 155 Md. 549, 558, 142 A. 885. A further complaint is that the corporation has failed to pay the complainants a dividend of $522.60 due to them in December, 1932. The answer denies that payment of the dividend has been refused, and if not denied, the fact would not have been sufficient to justify the interference of a court of equity, by appointment of a receiver or otherwise, to secure the payment. *Miller, Equity Proc.*, 751, etc.

The attempted liquidation by the directors is complained of as an action beyond their powers in representation of the shareholders, but it seems to this court that if the action has been assented to by the majority of the shareholders, as

574

stated, even though the assent be not evidenced by any formal resolution, it would be, in contemplation of the law, not alone that of the directors, but that of the shareholders as well. The averment in the answer of assent of the shareholders is vague, but the meaning seems sufficiently clear to prevent the court's taking the liquidation to be without their authority. It is assumed by all parties, in argument, that the association could not prosecute the business further.

*Decree affirmed, with costs.*