## AMERICAN THRIFT BUILDING & LOAN ASSOCIA-TION *v.* JOSEPH B. GIMBEL ET AL.

[No. 4, October Term, 1936.]

*Decided November 11th, 1936.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Eldridge Hood Young,* with whom were *Mannes E. Waxman* and *Young & Crothers* on the brief, for the appellant.

*J. Mayer Willen,* with whom was *J. Abner Sayler* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The plaintiffs are free shareholders in the defendant building and loan association, and, in this equity suit for discovery, and relief, complain of the retention of certain dividends on their stock declared by the association in the course of its voluntary liquidation. The right to retain the dividends on the shares of the plaintiffs is asserted by the association in reliance upon an agreement under which it claims to have that authority, and because of the partial application of the plaintiffs' share account to the payment of their mortgage indebtedness to the association in an amount exceeding the dividends sought to be recovered in this suit. A defense of former adjudication is also interposed. The decree appealed from overruled those

defenses and directed the payment to the plaintiffs of the retained dividends on their stock.

The association began to liquidate in July, 1931, in pursuance of a resolution by its stockholders to that end, which provided that, after all its debts had been paid, distributions should be made to the shareholders, from time to time, whenever a sum of money equal to five per cent. or more of the par value of the outstanding shares was found to be available for that purpose. It was proposed by the resolution that the shareholders be requested to sign an agreement consenting to the liquidation, and promising that during its progress they would forbear to bring any receivership or other suit against the association. Instead of assenting to the liquidation, the plaintiffs asked that they be permitted to withdraw the amount of their shareholder's account, which was then $6,000. This request was made on August 18th, 1931, in a letter to the association from Mr. Sayler, the plaintiffs' attorney. A liquidating dividend of five per cent. had already been declared, and a check for $300 had been sent to the plaintiffs in payment of the distribution to their account. The check was returned by their attorney in the letter by which the proposal to withdraw their account was communicated. About two weeks later, Mr. Sayler, in a letter to Mr. Waxman, the association's attorney, requested on behalf of the plaintiffs that their account be applied so far as necessary to the satisfaction of their mortgage debt to the association, and stated that they would accept another check for $300 in place of the one previously sent, provided it omitted a reference to the liquidation, which the first check had contained. In response to that letter a new check for $300, drawn by the association to the order of the plaintiffs, was delivered and accepted, and their attorney was advised that the mortgage debt would be canceled in the manner proposed. The amount of that debt was $2,064.47. Its payment out of the share account of the plaintiffs left it with a credit balance of $3,635.53, after it had also been charged with the $300 liquidation dividend.

In December, 1931, the plaintiffs made a further and futile demand for payment of the balance credited to their account, and then brought suit against the association in the Superior Court of Baltimore City to recover the sum of $3,635.53 thus claimed. At the trial of that suit, a verdict for the defendant was directed on the ground that the plaintiffs were not entitled to withdraw their account while the association was in process of liquidation and after they had accepted a dividend which had been thus produced. The court declined to recognize a defense based upon an agreement signed by the plaintiffs and the association in April, 1929, which provided that the free shares then in their name should remain liable for a due proportion of the income taxes which the association might be required to pay, and of any losses on its pre-existing mortgage loans. The stated reason for the exclusion of that defense was the indefiniteness of the agreement as to the time of its operation.

Shortly after the termination of the action to recover the balance of their free shares account, the plaintiffs brought this suit in equity to compel the association to disclose and pay the dividends which have been allocated to the account but payment of which has been refused. There have been seven such dividends, and they aggregate $1,090.68. The grounds of defense to the present suit have already been indicated.

The agreement of April, 1929, upon which the defendant relies primarily, was exacted from the plaintiffs when they were making the last of a series of withdrawals which reduced their free shares account from $12,000 to $6,000. It was recited in the agreement that the plaintiffs had received $6,000 from the association, "being the withdrawal of sixty (60) free shares," on which they were "liable and responsible for Income Taxes that the Association may be required to pay and also for losses on mortgages made to the Association during the time" of the plaintiffs' ownership of the shares withdrawn, and it was therefore agreed that the balance of their free shares, amounting to $6,000, should be liable for the pro-

portion of the income taxes or mortgage loans for which they were responsible, in accordance with the by-laws of the association, "on the shares withdrawn and not withdrawn." The association is concededly not required to pay any income taxes, and there is no definite proof of any loss on mortgage loans made by it during the period preceding the agreement of April, 1929, although seven years have elapsed since it was signed. It is wholly indefinite as to the time during which the restriction it purports to place upon the plaintiffs' rights as shareholders should be effective. Those considerations lead us to the conclusion, reached by the chancellor below, and also by the trial judge in the former suit to which we have referred, that the agreement is not available as a defense.

The judgment in the suit to recover the entire amount to the credit of the plaintiffs as shareholders is not conclusive against the claim in this action to liquidation dividends which were not then in controversy and some of which had not yet been declared. A right to receive the dividends could be recognized consistently with the denial of a right to withdraw the account on which they were successively calculated. The issues in the two suits were materially different, and therefore the defense of *res judicata* is not sustainable as against the present claim. *Myers v. Gordon*, 165 Md. 534, 170 A. 186; *Polish-American Building & Loan Assn v. Dembowczyk*, 167 Md. 259, 173 A. 254.

It is argued that the plaintiffs should not be allowed to collect any portion of unpaid dividends on their share account until the distributions to it exceed the amount of their mortgage debt to which the account was partially applied. The theory of this defense is that the payment of the mortgage indebtedness out of the account, during the period of liquidation, had the effect of giving the plaintiffs a preference with respect to which the other shareholders are entitled to be equalized. There are certain considerations which prevent the acceptance of that theory. The plaintiffs were still dissenting from the plan to liquidate, and were asserting the right to withdraw

their account, when they made an offer to accept the first dividend in connection with a request that the account be applied to the payment of their mortgage. In the letter transmitting a new check in place of the one previously rejected, the attorney for the association in effect promised compliance with the request that the mortgage debt be charged to the account and canceled. If there had been no liquidation, the plaintiffs as free shareholders in a solvent building association were entitled, upon due notice, to withdraw the sums credited to their account, and a demand for their payment would have placed them in the position of creditors in reference to the fund thus claimed. *Steinberger v. Independent Loan & Savings Assn.*, 84 Md. 625, 36 A. 439. Their acceptance of the initial dividend resulting from the liquidation was coincident with a promptly fulfilled promise of the association that the account should be applied so far as necessary to the extinguishment of the mortgage. The later distributions have been apportioned to the account as thus reduced. It would seem to us inequitable, under the circumstances, to hold that the application of the account to the payment of the mortgage debt disentitles the plaintiffs to the dividends now standing to their credit.

The cases of *Murphy v. Preston*, 107 Md. 444, 69 A. 114, *Kraft v. Highland Permanent Building Assn.*, 165 Md. 570, 169 A. 71, and *Hospelhorn v. General Motors Corporation*, 169 Md. 564, 182 A. 442, cited by the appellant, were concerned with problems and conditions substantially different from those here presented.

The evidence in the case proves the existence of an adequate ground for the equitable jurisdiction invoked by the bill of complaint to obtain the discovery and relief to which it is directed. *Seeley v. Dunlop*, 157 Md. 378, 146 A. 271.

*Decree affirmed, with costs.*